# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
_____
FELDON BUSH, SR.,            :
                             :        CIVIL ACTION
        Petitioner           :
                             :        NO. 12-02723
        v.                   :
MIRIROSA LAMAS,              :
                             :
        Respondent.          :
_____:
```

**Henry S. Perkin, M.J.**                          **November 29, 2012**

## REPORT AND RECOMMENDATION

Feldon Bush, Sr., ("Petitioner") has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. By Order of July 24, 2012, the matter was assigned to the undersigned for preparation of a Report and Recommendation. For the reasons that follow, I recommend that the Petition be denied without prejudice and dismissed without an evidentiary hearing. I also recommend that there is no basis for granting a certificate of appealability.

## I.    PROCEDURAL HISTORY.[1]

On December 5, 2001, Petitioner waived a jury trial and was tried by the Honorable Genece E. Brinkley for (1) possession with intent to deliver and (2) for intentional delivery. The Court

---

[1]    This information is taken from the Petition for Writ of Habeas Corpus and accompanying Memorandum (titled Writ of Habeas Corpus, Dkt. No. 1-1),the Respondent's Response, and the exhibits attached to the foregoing pleadings. In addition, this Court has ordered and reviewed the state court record in this matter. The information contained in the state court record has been considered and incorporated into this Report and Recommendation.

found him guilty on both charges and Petitioner was sentenced on May 16, 2002 to an aggregate prison term of no less than 17 months nor longer than 34 months, followed by three (3) years of reporting probation.[2]

Petitioner appealed to the Pennsylvania Superior Court on January 29, 2003, alleging (1) the evidence was insufficient to sustain his convictions for delivery of a controlled substance and knowing and intentional possession of same; (2) trial counsel provided ineffective assistance by not filing post-trial motions challenging the weight of the evidence; (3) trial counsel wrongly advised Petitioner to waive his right to a jury trial; (4) trial counsel was ineffective for failing to file a pre-trial motion to disclose the identity of the confidential informant involved in the case;(5) trial counsel was ineffective for not calling the arresting officers as witnesses for the defense; and (6) the trial court abused its discretion in questioning defense witness Charles Henderson demonstrating impartiality and bias towards Petitioner.[3]

---

[2]     The sentence imposed by Judge Brinkley imposed, *inter alia*, the following conditions:

> To receive drug treatment while in prison. Upon release to seek and maintain employment. Stay away from Broad & Girard. Probation to be under State Parole Board. Pay $207.50 costs within 6 months after release from prison. Defendant to pay fees imposed by State Parole Board.

Appendix to Response, Exhibit C (December 13, 2002 Court of Common Pleas Opinion) at 1 and 3.

[3]     Appendix to Response, Exhibit D (Commonwealth of Pennsylvania v. Feldon Bush, Appellant's Brief) at 7-13.

The Pennsylvania Superior Court affirmed Petitioner's judgments of sentence on June 12, 2003, upon (1) finding sufficient evidence, (2) the ineffectiveness claims were prematurely raised (deferred until collateral review pursuant to the Post Conviction Relief Act), and (3) the challenge to trial court's questioning were also devoid of merit. Commonwealth v. Bush, 830 A.2d 1042 (Pa. Super. Ct. 2003); Appendix to Response, Exhibit E (Superior Court 2003 Direct Appeal Opinion) at 5. Petitioner did not seek any further review.

On July 15, 2003, Petitioner's *pro se* PCRA petition was filed by the Court of Common Pleas.[4] Petitioner's petition was dismissed as frivolous on April 27, 2004 and counsel was relieved. Id. At 10. Petitioner did not take an appeal from this decision.

Following Petitioner's release from custody in the above referenced case, Petitioner failed to report to his probation officer and in April of 2005 was arrested in another case. On December 21, 2005, Petitioner appeared before Judge Brinkley for a violation of probation hearing.[5] The court found Petitioner in technical violation of probation and revoked his probation.[6] On February 16, 2006, the court sentenced Petitioner to a jail term

---

[4]    Appendix to Response, Exhibit A (State Court Docket) at 7-8.
[5]    Appendix to Response, Exhibit F (VOP Hearing Transcript Dated 12/21/05).
[6]    Appendix to Response, Exhibit F (VOP Hearing Transcript Dated 12/21/05)at 24.

of no less than 6 months nor longer than 23 months, followed by one year of probation plus fines and costs.[7]

On March 25, 2008, Petitioner's second *pro se* PCRA petition, which was untimely, was filed with the Court of Common Pleas, followed by a third *pro se* petition on November 12, 2008.[8] Counsel was appointed, and counsel filed a letter (pursuant to Commonwealth v. Finley, 479 A.2d 568 (1984))on April 23, 2009, explaining that counsel had reviewed the record and determined there were no issues of merit to raise in an amended PCRA petition on Petitioner's behalf.[9]

On March 31, 2008, Petitioner was again arrested and charged with aggravated assault. At that time, he was still on probation for the 2001 drug case, and a detainer was lodged. Judge Brinkley conducted a violation of parole hearing on August 13, 2009.[10] At the hearing, the court reviewed the events that had transpired since Petitioner's February 15, 2006 sentencing (at which he was made eligible for work release and drug treatment). Petitioner has failed to complete these programs and was removed to work release. After being paroled on May 19, 2006, Petitioner reported twice to his probation officer, had a final contact with the

---

[7]    The sentence imposed by Judge Brinkley included work release, to be followed by one year of probation. The sentence ordered a FIR evaluation, and allowed for the possibility of release into a drug treatment center if an appropriate facility was found. Appendix to Response, Exhibit A (State Court Docket) at 12-13.

[8]    Appendix to Response, Exhibit G (Petitioner's *Pro Se* PCRA 2008 Petitions.

[9]    Appendix to Response, Exhibit F (Counsel Finlay's Letter dated 4/22/09).

[10]    Appendix to Response, Exhibit I (VOP Hearing Transcript dated 8/13/09).

probation department on June 19, 2006, and thereafter absconded. After several unsuccessful attempts to contact him, wanted cards were issued.[11]

Accordingly, although the new charges against him were dismissed on June 16, 2009, his flight in 2006 and failure to pay fines and costs resulted in his technical violation of his probation.[12] At the conclusion of the August 13, 2009 hearing, Judge Brinkley sentenced him to three years of probation.[13] Also on this date, Petitioner chose to withdraw his untimely pending PCRA petition.[14]

Petitioner failed to appear in court as required by his probation on June 25, 2010, and Judge Brinkley held a contempt hearing on August 17, 2010.[15] Upon review of Petitioner's history of appearance without documentation, and the failure to appear at the status listing of June 25, 2010, Judge Brinkley sentenced Petitioner to jail for 2 months and 28 days to 5 months and 29 days.[16] With respect to the underlying conviction and Petitioner's violation of probation, the court imposed a new sentence of 5 to 10 years, consecutive with his sentence for

---

[11]    Appendix to Response, Exhibit I (VOP Hearing dated 8/13/09) at 10-11.
[12]    Appendix to Response, Exhibit I (VOP Hearing dated 8/13/09) at 11.
[13]    This sentence included drug treatment, job training, seeking and maintaining employment, random urinalysis, and regular reporting. Upon the failure to meet these conditions, Judge Brinkley ordered immediate return to jail. Appendix to Response, Exhibit I (VOP Hearing dated 8/13/09) at 27-29.
[14]    Appendix to Response, Exhibit I (VOP Hearing dated 8/13/09) at 3.
[15]    Appendix to Response, Exhibit J (Contempt Hearing Transcript dated 8/17/10) at 6.
[16]    Appendix to Response, Exhibit J (Contempt Hearing Transcript dated 8/17/10) at 13.

contempt (but giving credit for time served on the original
sentence, detainer, and contempt sentence).[17] Petitioner filed a
*pro se* notice of appeal, which was followed by counsel's motion
for reconsideration of sentence and another notice of appeal.

At the Superior Court level, Petitioner proceeded *pro se* and
challenged, *inter alia*, the sufficiency of the evidence
supporting his contempt conviction and the length of his sentence
(which Petitioner contends is excessive). The court affirmed
Petitioner's judgments of sentence in a memorandum decision on
September 29, 2011.[18] On April 17, 2012, the Pennsylvania Supreme
Court for the Eastern District denied further review.
Commonwealth v. Bush, 42 A.3d 1058 (Pa. 2012).

Petitioner next initiated the instant habeas litigation by
filing his petition on May 17, 2012, accompanied by a memorandum
of law filed on the same date.[19] Petitioner alleges grounds for
relief based on:

 (1) "Ineffective assistance of counsel, illegal sentence,
   double jeopardy, due process, equal protection of law,
   violation of First, Fifth, Sixth, Fourteenth Amendments
   to the United States Constitution, failure to provide

---

[17] Appendix to Response, Exhibit K (Court of Common Pleas Opinion dated 3/28/2011) at 1.

[18] The court also dismissed Petitioner's Application for writ of Mandamus based upon lack of jurisdiction. Commonwealth v. Bush, 34 A.3d 241 (Pa. Super. Ct. 2011).

[19] The Court interprets Petitioner's document entitled "Writ of Habeas Corpus" at Dkt. No. 1-1, filed on May 17, 2012, as a Memorandum of Law in support of Petitioner's Petition for Writ of Habeas Corpus.

adequate and meaningful appellate review of claims on the merit[s], government[al] interference."[20]

(2) "illegal sentence, double jeopardy, ineffective assistance of counsel, due process, equal protection of the law" and the contention that the state court "applied a standard of review which is in direct conflict with the Supreme Court's holding concerning how and what rules to apply, not to creat[e] a manifest injustice, shirking its duty to uphold the laws of both [the] Penna. and U.S. Constitutions concerning the Petitioner's right to due process and equal protection of the law."[21]

Additionally, Petitioner's Memorandum alleges "substantial retardation of the appellate process" (Memorandum ¶5, at 1); decisions by the state court contrary to the standard of review required by 28 U.S.C. §2254(d)(Memorandum ¶5, at 1); the "sabotage[e] [of] his appeal by referring it to the public defender association" (Memorandum ¶7, at 2-3); and the Superior Court's failure to "act with perfect diligence and punctilious care" (Memorandum ¶7, at 4); and his illegal sentence (Memorandum ¶15, at 5).

---

[20]   Petition ¶ 12(1), at 6.
[21]   Petition ¶ 12(2), at 8.

## I. **STANDARD OF REVIEW**.

### A. HABEAS CORPUS PETITIONS

Under section (d) of the federal habeas statute, a federal court may only disturb a state court's resolution of an issue if the state court resolution (1) was either contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence. See 28 U.S.C. § 2254(d)(1)-(2); Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002); Berryman v. Morton, 100 F.3d 1089, 1103 (3d Cir. 1996).

Thus, under Section 2254(d)(1), a writ for habeas corpus relief must lie on either of the two grounds enumerated— the "contrary to" or "unreasonable application" clauses. 28 U.S.C. § 2254(d)(1). The state court decisions are entitled to great deference, and both grounds under Section 2254(d)(1) require more than a mere incorrect or erroneous judgment by the state court. Williams v. Taylor, 529 U.S. 362, 412 (2000). Clearly established federal laws for purposes of Section 2254(d)(1) and (d)(2) are the holdings, not the dicta of the Supreme Court. Id. At 390.

The "contrary to" clause allows for relief only when the state court decision "was contrary to" United States Supreme Court interpretation of law. 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" Supreme Court precedent if it

applies a rule that contradicts governing law or if it reaches an opposite result on materially indistinguishable facts. <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000)(indicating the "contrary to" cases are narrowed to when a state court applies incorrect law).

The "unreasonable application" clause allows for relief only when the state court application of United States Supreme Court interpretation of law is objectively "unreasonable." 28 U.S.C. § 2254(d)(1). An objectively unreasonable application occurs when (1) the state court identifies the correct governing legal rule from Supreme Court precedent, but unreasonably applies it to the facts of a case, or (2) the state court unreasonably extends a legal principle from Supreme Court precedent to a context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply. <u>Williams v. Taylor</u>, 529 U.S. 362, 407 (2000).

The third narrow possible ground for relief, found in Section 2252(d)(2), grants relief only when the state court decision rested on an unreasonable determination of evidence, such that a reasonable factfinder could not have reached a similar decision. 28 U.S.C. § 2254(d)(1); 28 U.S.C. § 2254(e)(B). The state court's factual findings are presumed to be correct, and the petitioner shoulders the burden of overcoming this presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1); Marshall v. Lonberger, 459 U.S. 422, 435 (1983) (including deference for inferences fairly deducible from those facts).

## B. EXHAUSTION AND PROCEDURAL DEFAULT

A petitioner may only succeed in a habeas corpus petition if he has first exhausted all remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A). To satisfy this requirement the petitioner must "fairly present" his claims to the state courts allowing the state courts a meaningful opportunity to correct alleged constitutional violations. Duncan v. Henry, 513 U.S. 364, 365 (1995); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)(requiring "one complete round" of the state's appellate procedures). Petitioner bears the burden of proving the exhaustion of all available remedies for each claim. Touson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).

Claims that are not exhausted will become procedurally defaulted, and the petitioner is not entitled to a review on the merits. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). Review of a procedurally defaulted claim is permitted in extremely narrow circumstances, where the petitioner can show either (1) cause for the default and actual prejudice or (2) the failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 749 (1991).

"Cause" for procedural default is shown when the petitioner demonstrates "some objective factor external to the defense impeded counsel's efforts to comply with the state procedural rule." <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). "Actual prejudice" occurs when the errors at trial "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>Murray v. Carrier</u>, 477 U.S. 478, 494 (1986)(quoting <u>United States v. Frady</u>, 456, U.S. 152, 179 (1982)). A "fundamental miscarriage of justice" occurs when a petitioner presents new evidence of his actual innocence such that "it is [now] more likely than not that no reasonable juror would have convicted him." <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995).

The Supreme Court recently examined, in <u>Martinez v. Ryan</u>, 132 S.Ct. 1309 (2012), whether ineffective assistance at the initial review collateral proceeding on a claim of ineffective assistance at trial can provide cause for a procedural defect in federal habeas proceedings. <u>Martinez v. Ryan</u>, 132 S.Ct. 1309, 1315 (2012). This case recognized a narrow exception to the <u>Coleman</u> rule (that ineffective assistance of counsel at the state collateral review level could not establish cause to excuse procedural default), holding that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of

ineffective assistance at trial." <u>Martinez v. Ryan</u>, 132 S.Ct.
1309, 1315 (2012).

Thus, a PCRA claim for ineffective trial-counsel during an
initial state collateral review may qualify as "cause" to excuse
the default if: (1) as a threshold matter, the state requires a
prisoner to bring an ineffective counsel claims in a collateral
proceeding; (2) the state courts did not appoint counsel at the
initial-review collateral proceeding for ineffective-assistance-
at-trial claim; (3) where appointed counsel at the initial-review
collateral proceeding was ineffective under <u>Strickland v.
Washington</u>, 466 U.S. 668 (1984) and (4) the underlying
ineffective-assistance-at-trial claim is substantial. <u>Martinez
v. Ryan</u>, 132 S.Ct. 1309, 1315-18 (2012).

II. **<u>DISCUSSION</u>**.

> A. **The State Courts Reasonably Rejected Petitioner's
> Challenge to the Sufficiency of Evidence Supporting
> his Drug Conviction.**

During his direct appeal litigated in 2003, Petitioner
challenged the sufficiency of the evidence surrounding his drug
convictions. The state courts rejected this claim on lack of
merit, to which this Court defers.

The standard of review for challenges to the sufficiency of
the evidence on habeas review was set forth in <u>Jackson v.</u>

<u>Virginia</u>, 443 U.S. 307, 316 (1979), where the Supreme Court explained:

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction…does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt….Instead, the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

<u>Id.</u> at 318-19. Review of the evidence must be based upon state law; that is, the ultimate question is whether the prosecution provided evidence to support the substantive element of the offense as defined by state law. <u>Id.</u> at 324 n. 16.

Here, the Pennsylvania Superior Court's determination that the evidence adduced at trial was sufficient to support the drug convictions was in no way contrary to, or an unreasonable application of the <u>Jackson</u> standard.

As explained by the Superior Court:

> The trial court described the evidence, which it found demonstrated that [Petitioner] possessed and delivered a controlled substance, as follows:

> [Appellant] sold cocaine to an undercover police officer and was later observed, by that same officer, dropping to the ground a large amount of illegal narcotics. The larger bag was recovered by Officer Mobley and the packets inside were identical to the ones purchased from the defendant by Officer Bolds. In addition, Officer Bolds tested the substance he bought and the substance in the bag recovered by Officer Mobley. He testified the two were identical and tested positive for the presence of cocaine. Pre-recorded buy

money, given by Officer Bolds to the defendant was
found on the defendant's person when he was arrested.

Our review of the record reveals that the trial court's
rendition of the evidence is based on testimony
provided at trial and is sufficient to establish the
elements of the crimes charged. Therefore, we conclude
that the evidence was sufficient to support the guilty
verdict.

Commonwealth v. Bush, 830 A.2d 1042 (Pa. Super. Ct. 2003);

Appendix to Response, Exhibit E (Superior Court Memorandum

Opinion dated 6/12/2003) at 4 (citations omitted).

Under AEDPA, review for sufficiency of the evidence means a

determination of whether the state court disposition was an

objectively unreasonable application of the Jackson standard. See

Williams, 529 U.S. at 379-390. The Superior Court's rejection of

Petitioner's sufficiency claim was not objectively unreasonable

under Jackson because reviewing the evidence in the light most

favorable to the prosecution, any rational trier of fact could

have found proof of guilt beyond a reasonable doubt. Because this

rejection, pursuant to Pennsylvania law, was neither contrary to

nor an unreasonable application of clearly established federal

law, Petitioner cannot be granted relief via habeas review. 28

U.S.C. §2254(d). This claim must be denied.

**B. The State Courts Reasonably Rejected Petitioner's Challenge to the Sufficiency of Evidence Supporting his Contempt Conviction.**

Petitioner also challenges the sufficiency of the evidence surrounding his contempt conviction. Again, we conclude that the state courts reasonably rejected this claim as without merit, to which determination this Court owes deference. As explained by the Superior Court in its opinion appended to Respondent's Response:

> [Petitioner]…was informed of his new court date [and] was told by this court that he needed to bring in proof of his employment, drug treatment and payment of fines and costs at the next listing. There was no uncertainty as to what was required of [Petitioner]… [Petitioner claimed] he never received the letter [attempting to contact him even though] he conceded in court that the letter was addressed to him at the correct address…[Petitioner]…stated he got two dates mixed up. Then he stated he thought it was July. Then he stated he must have "overlooked" his court date because he had been under a lot of stress. Therefore, by [Petitioner's] own admission, he knew of the court order because he was present in court the day it was issued and he did not come to court because he chose not to and chose to use the convenient excuse that the subpoena he signed had the wrong name on it. Moreover, [Petitioner] had no proof of employment, drug treatment, or payment of fines and costs…[Petitioner's] excuses were not found credible and there was sufficient evidence to find that [Petitioner's] failure to appear was willful.

Appendix to Response, Exhibit K (Trial Court Opinion dated 3/28/11) at 3-5; <u>Commonwealth v. Bush</u>, 34 A.3d 241 (Pa. Super. Ct. 2011)(incorporating trial court opinion by reference).

As Respondents correctly note, the state courts were initially lenient with Petitioner over an extended period of time (most notably continuing probation on numerous occasions despite non-compliance) before the court ultimately held him accountable for repeatedly disobeying court orders.[22] The state court even warned Petitioner that if he failed to comply with the court order, he would go directly to jail. The state courts properly used their power of contempt on Petitioner, which the Superior Court affirmed. United States v. Harris, 582 F.3d 512, 514 (3d Cir. 2009)(recognizing courts' inherent authority to hold persons in contempt); Commonwealth v. Ferrara, 409 A.2d 407, 411-12 (Pa. 1979) (allowing courts the power to inflict summary punishments in cases of disobedience to the lawful process of court); Commonwealth v. Marcone, 410 A.2d 759, 763 (Pa. 1980) (recognizing summary punishment for criminal contempt permits courts to eliminate traditional adjudicatory steps including issuance of process and the holdings of hearings).

Under AEDPA, review for sufficiency of the evidence means a determination of whether the state court disposition was an objectively unreasonable application of the Jackson standard. See Williams, 529 U.S. at 379-390. The Superior Court's rejection of Petitioner's sufficiency claim was not objectively unreasonable under Jackson because reviewing the evidence in the light  most

---

[22]    Response to Petition for Writ of Habeas Corpus (Dkt. No. 13) at 19-21.

favorable to the prosecution, any rational trier of fact could have found proof of guilt beyond a reasonable doubt. Because this rejection, pursuant to Pennsylvania law, was neither contrary to nor an unreasonable application of clearly established federal law, Petitioner cannot be granted relief via habeas review. 28 U.S.C. §2254(d). This claim must be denied.

### C. Petitioner's Challenges to his Contempt Sentence and Drug Sentence are Non-cognizable Because Sentencing is Discretionary and Legal.

Petitioner challenges that the sentence imposed for contempt is excessive and illegal. Challenges to the discretionary aspects of his sentence are non-cognizable on federal habeas review, as Respondent correctly notes.[23] The trial court reasonably rejected this claim as without merit on direct appeal, to which this court defers. As explained by the trial court in its opinion appended to Respondent's Response:

> In the case at bar, [Petitioner]'s sentence was within the statutory limits and was reasonable in light of all relevant factors. As stated above, the length of incarceration was solely within this Court's discretion and was limited only by the maximum sentence that could have been imposed at the original sentencing. Under Pennsylvania law, the maximum sentence for contempt of court, as an ungraded misdemeanor, is 6 months. Here, [Petitioner] was sentenced to 2 months, 28 days to 5

---

[23]    Response to Petition for Writ of Habeas Corpus (Dkt. No. 13) at 19-21. See also Townsend v. Burke, 334 U.S. 736, 741 (1948)(recognizing that sentencing falls within the province of state law, unless a constitutional issue is raised); Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 43 (3d Cir. 1984)(holding errors in state law sentencing noncognizable in federal habeas proceedings unless constitutional grounds are implicated).

months 29 days, with credit for time served from July
8, 2010. This sentence was within the statutory limits
and was a reasonable exercise of the Court's
discretion. Accordingly, this sentence should not be
disturbed on appeal.

Appendix to Response, Exhibit K (Trial Court Opinion dated
3/8/11) at 7.

The Superior Court, finding Petitioner's claim for
discretionary sentencing was waived, but held in the alternative
that it lacked merit, adhered to the trial court's opinion.
Commonwealth v. Bush, 34 A.3d 241 (Pa. Super. Ct. 2011); Appendix
to Response, Exhibit N (Superior Court Direct Appeal Opinion) at
4, n.3. As Petitioner's sentence was within the statutory
mandates,[24] this court finds Petitioner's challenge without
merit.

Petitioner also challenges the authority of the court to
sentence him to five to ten years for his underlying drug
conviction of possession with intent to deliver, upon
Petitioner's revocation of probation. The relevant statute as
noted in Respondent's Response provides for a maximum of ten
years.[25] As Petitioner's sentence was within the statutory
mandates, this court finds Petitioner's challenge without merit.

---

[24] Response to Petition for Writ of Habeas Corpus (Dkt. No. 13) at 23; 42
Pa.C.S. §4132; Commonwealth v. Williams, 753 A.2d 856, 865-66 (Pa. Super. Ct.
2000)(holding criminal contempt sentences must be less than six months or else
the accused is afforded an opportunity for a jury trial).
[25] Response to Petition for Writ of Habeas Corpus (Dkt. No. 13) at 23-24;
35 P.S. § 780-114(f)(1.1).

Again, and as to both claims challenging sentencing, Petitioner has not offered a basis to hold the Superior Court's disposition (1) "contrary to" (2) or "an unreasonable application" of Supreme Court precedent or (3) an unreasonable determination of the evidence in fact-finding as is required to state a claim under habeas corpus. Because state court decisions are entitled to extreme deference under the federal habeas corpus statute, and because Petitioner has not alleged sufficient grounds for overturning this presumption, Petitioner's claims under this section are not entitled to relief.

**D. Petitioners Other Claims are Non-Cognizable, Procedurally Defaulted, and Vague Such That This Court is Unable to Provide Federal Habeas Corpus Relief.**

As set forth above, this Court finds Petitioner's only cognizable claims to be his challenge to the sufficiency of the evidence and his claim of excessive and/or illegal sentence with respect to his contempt conviction. As such, they were addressed on the merits because Petitioner has exhausted his remedies at the state court level. The Petition and accompanying Memorandum cite numerous other grounds for federal habeas relief, which this Court finds non-cognizable as they were procedurally defaulted for lack of exhaustion, and, in the alternative, meritless as they are not supported by sufficient facts.

We note that it is Petitioner's burden to articulate his allegations in a clear and concise manner. See Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir. 1991)(*cert. denied*, 502 U.S. 902 (1991))(holding petitioner could not meet his burden to show that counsel made errors so serious that his representation fell below an objective standard of reasonableness based on vague and conclusory allegations that some unspecified and speculative testimony might have established his defense). See also Mayberry v. Petsock, 821 F.2d 179, 187 (3d Cir. 1987) (*cert. denied*, 484 U.S. 946 (1987)) (finding petitioner's vague and general allegations failed to make sufficient showing to justify relief).[26] Because Petitioner fails to assert his claims in a distinct, straightforward manner, and has not alleged sufficient facts to support these vague allegations, he has failed to provide this Court with sufficient grounds which would entitle him to habeas relief.

Claims that are not exhausted will become procedurally defaulted, and the petitioner is not entitled to a review on the merits. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). Review of a procedurally defaulted claim is permitted in extremely narrow circumstances, where the petitioner can show either (1) cause for the default and actual prejudice or (2) the failure to

---

[26]     This is true even of *pro se* petitioners. Allegations containing "bald assertions" or "legal conclusions" need not be addressed by the court. Shaffer v. Meyers, 338 F.Supp.2d 562, 564 n.1 (M.D. Pa. 2004).

consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 749 (1991).

As Petitioner has not shown cause, actual prejudice or a fundamental miscarriage of justice, this Court does not address Petitioner's claims for ineffective assistance of counsel,[27] double jeopardy, due process, equal protection, violation of the First, Fifth, Sixth, Fourteenth Amendments.

Additionally, Petitioner cites other vague grounds for review which are not addressed for the same reasons as set forth above. These include Petitioner's claims of failure to provide adequate appellate review, governmental interference, substantial retardation of the appellate process, decisions contrary to the standard of review, sabotage of his appeal, and the failure to act with perfect diligence and punctilious care.

As set forth at the outset, and as Respondent correctly notes, Petitioner bears the burden articulating in a clear and direct manner. Setting aside arguments for procedural default and non-cognizability, this Court has insufficient grounds to review these "claims" and provide relief.

---

[27] As noted in Respondent's Response, Petitioner has not invoked Martinez to establish "cause" for a procedurally defaulted claim to be reviewed in a federal habeas corpus proceeding. Martinez v. Ryan, 132 S.Ct. 1309, 1315 (2012). Even if invoked, Petitioner does not set forth sufficient facts to support an ineffective counsel claim (either at the trial or PCRA level), let alone one that is "substantial" as required under Martinez. Moreover, as Petitioner appeared *pro se* in these proceedings, he does not have grounds to allege ineffective assistance of counsel. Petitioner does not allege that he should have been provided counsel at this level, and Petitioner did not seek appellate review after dismissal of his three *pro se* PCRA claims.

### III.  **CERTIFICATE OF APPEALABILITY**.

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right." Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should not issue.

For all of the foregoing, I make the following:

## RECOMMENDATION

**AND NOW,** this      28th       day of November, 2012, IT IS
**RESPECTFULLY RECOMMENDED** that the instant Petition for Writ of
Habeas Corpus filed pursuant to 28 U.S.C. § 2254 should be
**DENIED** with prejudice and **DISMISSED** without an evidentiary
hearing. There is no probable cause to issue a certificate of
appealability.

The Petitioner may file objections to this Report and
Recommendation. See Local Civ. Rule 72.1. Failure to timely
file objections may constitute a waiver of any appellate
rights.

BY THE COURT:


      /s/ Henry S. Perkin

HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE